NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER JANEQUA SWAY, | No. 18-35877 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00310-RMP |
| v. | |
| SPOKANE PARATRANSIT; SPOKANE TRANSIT AUTHORITY; ALLISON MITCHEL; E. SUSAN MEYER, CEO; LANCE DURBIN; BETH BOUSLEY; STEVE DOOLITTLE; STEVE BLASKA; DENISE MARCHIORO; SUSAN MILLBANK, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted October 31, 2019[**]

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Jennifer Sway appeals from the district court's grant of summary judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

on her claim that the Spokane Transit Authority (STA) discriminated against her in violation of the Americans with Disabilities Act, § 202, 42 U.S.C. § 12132. We have jurisdiction under 28 U.S.C. § 1291. Because the facts are known to the parties, we do not repeat them here.

## I

The district court properly granted summary judgment for STA because Sway failed to raise a genuine issue of material fact on the question of whether an STA employee had the state of mind required for an ADA § 202 claim. The standard under § 202 is deliberate indifference, meaning that STA's staff must have (1) known that a harm to a federally protected right was "substantially likely" and (2) failed "to act upon that likelihood." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138–39 (9th Cir. 2001). STA acknowledges two staff mistakes that led to the deprivation at issue. First, Sway's client file was not updated to note an excused no-show because the STA staffer charged with the responsibility was "distracted." Such a mistake would not usually lead to a deprivation and would not have were it not for the second mistake: STA's failure to inform Sway when her suspension was stayed. STA calls that second mistake a miscommunication. The task of informing Sway of her suspension's stay was not expressly allocated to any staffer, presumably because Sway's allegations of racial discrimination prompted the attention of the agency's ombudsman, who took some of the usual

2

responsibilities of the paratransit office. In each case, the account in the record leads, at worst, to an inference of negligence—and deliberate indifference must be "more than negligent." *Id.* at 1139. Sway has offered no evidence from which to infer deliberate indifference.

## II

Though the notice of appeal may also be liberally construed to include an appeal of the district court's earlier dismissal of Sway's § 1983 claims, such notice was filed over ten months after judgment was entered on such claims and thus we lack jurisdiction. Nor can jurisdiction be conferred by construing the notice of appeal as a motion to reopen the time to file an appeal because, even if Sway were not given timely notice of the judgment against her, her notice of appeal was filed more than the 180-day limit after the entry of judgment. Fed. R. App. P. 4(a)(6). Any appeal from the district court's judgment on Sway's § 1983 claims must be dismissed for lack of jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

**AFFIRMED in part and DISMISSED in part.**